# CHARLESTON

Bennett *v.* Preston.

Submitted March 6, 1906.    Decided April 24, 1906.

1.  INTOXICATION— *Writ of Possession.*
    The execution of a writ of *habere facias possessionem* will be enjoined at the suit of a person in possession of the land to which it relates, who was not a party to the suit in which it was awarded and does not claim title thereto or the right to possession thereof under any party to such action or suit.   (p. 682.)

2.  SAME—*Decree.*
    In such case, the decree perpetuating the injunction will save to the parties the right to litigate all questions of title between them in any other proceeding, they or any of them may see fit to institute.   (p. 683.)

Appeal from Circuit Court, Raleigh County.

Bill by L. M. Bennett against A. D. Preston.    Decree for defendant, and plaintiff appeals.

*Decree reversed and injunction reinstated.*

J. W. McCreery and W. H. McGinnis, for appellant.

J. E. Summerfield, for appellee.

POFFENBARGER, JUDGE:

L. M. Bennett seeks reversal of a decree of the circuit court of Raleigh county, dissolving an injunction previously awarded him, dismissing his bill and canceling certain deeds under which he claims title to a tract of land, by way of affirmative relief to the defendant, A. D. Preston, pursuant to the prayer of his answer, setting up new matter as ground therefor.

The object of the bill was to prevent the execution of a writ of possession, awarded to Preston, as the purchaser of a tract of land, under a decree of sale in a suit instituted by the state for the sale thereof, as delinquent and forfeited, to which Bennett, who claimed the land and was in possession thereof, was not made a party, and to cancel Preston's deed.

The following are the material facts disclosed by the record: The land was returned as delinquent for non-payment of taxes for the year 1893, as a tract containing 373 acres,

in the names of Jessie M. Myers and Nettie M. Ferguson. It was returned, for the year 1894, as delinquent, in the name of Margaret Ferguson, as a tract of 350 acres, she having acquired the title to it, or an undivided interest in it, by a deed, dated February 5, 1894. For the delinquency of both years, it was sold by the sheriff of the county, on the 4th day of November, 1895, as if it were two separate tracts, R. V. Buckland, J. P. Buckland and G. M. Smith purchasing it, as a 373 acre tract, for the delinquency of 1893, and the state purchasing it, as a tract of 350 acres, for the delinquency of 1894. Buckland and others, having procurred a deed pursuant to their purchase, conveyed three parts of the tract, containing, respectively, 50 acres, 24 acres and 19 acres, to L. M. Bennett, by a deed bearing date May 24, 1898, who then entered upon the land and began cutting the timber. Having been continued on the land books, it was re-sold to the state for delinquency for the years 1895 and 1896. The state then instituted a suit, pursuant to her purchase, for the purpose of causing the land to be sold, and such proceedings were had as resulted in a sale thereof to Preston, in the year 1901, and the awarding of said writ of possession to him, on the confirmation of the sale.

As Bennett was a claimant of the land, he should have been made a party to the suit. The records disclosed his relation to the land, and the statute requires all known claimants to be made parties. Section 6, chapter 105, Code 1899. Being in possession he was entitled to a hearing before being ousted by judicial process. Whether, in such case, a purchaser is entitled to have writ of *habere facias possessionem*, on the confirmation of the sale, we do not decide. If he is, a person in possession, who was not made a party, may enjoin the execution of the writ. *Bushong* v. *Rector*, 32 W. Va. 311.

That the state re-purchased the land for delinquency for years subsequent to the one for delinquency as to which she originally purchased, but before her suit was brought, is immaterial. If any title thereby vested, it went into the state, not Preston. Whether he got any title from the state depends upon the question of right in Bennett to redeem.

Bennett had no right to a cancellation of Preston's deed, because he has not shown title in himself, nor did Preston have any right to cancellation of Bennett's deeds, for he was

not in possession, and had not established any title as against Bennett. To obtain such relief, the plaintiff must ordinarily be in possession and show good title.

In view of these conclusions, the court should have perpetuated the injunction, but without prejudice to the right of any of the parties to take such further proceedings, either at law or in equity, as may be available for the vindication of any rights they may have, and done nothing more.

Therefore, the decree, complained of, will be wholly reversed, annulled and set aside, and a decree entered here, re-instating the injunction, making the same perpetual, without prejudice as aforesaid, dismissing so much of the defendant's answer as seeks affirmative relief and awarding to the appellant his costs in both this Court and the court below; all of which will be certified to said court.

*Reversed, and injunction re-instated.*